IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICHARD BLOME,

       Petitioner,

v.                                                                    CASE NO. 1:12-cv-73-MP-GRJ

KENNETH S. TUCKER,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is a prisoner in the custody of the Florida Department of Corrections. Petitioner seeks habeas corpus relief in connection with a 2011 prison disciplinary conviction for aggravated battery on a correctional officer, for which he was punished by 60 days of disciplinary confinement and subsequent assignment to close management (CM) and transfer from Cross City C.I. to Florida State Prison.  Petitioner contends that his due process rights were violated because prison officials did not permit him to present security camera footage of the incident and "ignored and/or destroyed" his subsequent administrative appeals.  Petitioner seeks reversal of his disciplinary conviction, removal from CM, and transfer from Florida State Prison.[1]  (Doc. 1).   For the reasons discussed below, it is **RECOMMENDED** that the petition be **DISMISSED.**

_____

     [1]Petitioner has filed a separate civil rights complaint in this Court involving the same incident, which is currently pending.  Blome v. Davis et al., No. 1:11-cv-266-SPM-GRJ.

## Background

Petitioner alleges that while incarcerated at Cross City C.I. in May 2011, a correctional officer delivered legal mail to his cell and then filed a false disciplinary report accusing Petitioner of assault.  A disciplinary hearing was conducted, and Petitioner's request to use footage from two security cameras pointed at his cell was denied.  Petitioner was found guilty on May 12, 2011, and sentenced to 60 days disciplinary confinement.  On May 19, 2011, Petitioner was recommended for assignment to close management.  He was subsequently transferred to Florida State Prison. Petitioner states that he "attempted to file some institutional appeals relating to the DR and CM 1 sanction but those were ignored" but also refers to a September 9, 2011 administrative appeal that was denied as untimely.  (Doc. 1.)  Petitioner's instant habeas is due to be dismissed for the reasons discussed below.

## Failure to Exhaust

Even assuming, *arguendo*, that Petitioner's attempts at exhausting his administrative remedies were incomplete due to no fault of his own, he concedes that he did not pursue any state court remedies.  (Doc. 1.)

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner exhaust available state court remedies, 28 U.S.C. § 2254(b)(1)[2],

---

[2] Section 2254 provides, in pertinent part, that:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or

thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78.  To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing  28 U.S.C. § 2254(c)). Failure to exhaust is proper grounds for dismissal of the petition.  *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

If a Florida prisoner wishes to challenge a disciplinary sanction imposed by the DOC, he must file a petition for habeas corpus or mandamus relief in the appropriate state trial court and, if unsuccessful, he must file a petition for certiorari review in the appropriate state appellate court. *See Jones v. Fla. Dep't of Corr.*, 615 So.2d 798 (Fla. 1st DCA 1993) (holding that appropriate remedy to seek review of order denying administrative appeal of disciplinary report against prisoner is by petition for extraordinary relief in circuit court, and if petition is denied, prisoner may then seek review of final order of circuit court); *White v. Moore*, 789 So.2d 1118 (Fla. 1st DCA 2001) (after exhausting administrative remedies regarding disciplinary sanction imposed by DOC, inmate filed petition for writ of mandamus in Circuit Court in and for

---

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Leon County, and upon being denied relief, properly sought certiorari review from First DCA); see also 41 Fla. Jur. 2d, Prisons and Prisoners, § 233 (2009) ("Upon exhausting the administrative remedies available for redress of a grievance, an inmate may, if judicial action is necessary, invoke the jurisdiction of the circuit court, generally in the county of incarceration. The appropriate remedy in this situation is for the inmate to file a petition for extraordinary relief in the Circuit Court which, if denied, may then be appealed to the District Court of Appeal.") (citing *Jones v. Wainwright*, 298 So.2d 542 (Fla. 2d DCA 1974); Jones, 615 So.2d at 798) (emphasis added).

The face of the Petition reflects that Petitioner has not exhausted state-court remedies with respect to the challenged disciplinary conviction. Pursuant to Rule 4, Rules Governing Habeas Corpus Petitions Under Section 2254, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

## No Loss of Gain Time

Alternatively, even assuming *arguendo* that Petitioner had properly exhausted his state court remedies, his petition is still due to be dismissed. Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. "[T]he common-law history of the writ, . . . the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The only relief that can be gained in a habeas action is an immediate or

speedier release from custody.  In the instant case, Petitioner does not allege that he

lost gain time credits as a result of the challenged disciplinary decision.   Because

Petitioner's disciplinary proceeding did not implicate the fact or duration of his

confinement, there is no basis for federal habeas relief.

To the extent Petitioner alleges that his placement in CM status affects the

length of his sentence because it affects his ability to earn incentive gain time, this

argument also fails.  The Eleventh Circuit has held that the loss of eligibility to earn

incentive gain time under Fla. Admin. Code § 33-601.101(5)(a) does not give rise to a

liberty interest that triggers due process protections.  *Hartley v. Warden*, 352 Fed. Appx.

368, 2009 WL 3738508 (11th Cir. 2009) (unpublished).[3]  This Court and other District

Courts within the Eleventh Circuit have come to a similar conclusion.  *See, e.g, Hartley*

*v. Ellis*, 2009 U.S. Dist. LEXIS 74917 (N.D. Fla. 2009) (concluding petitioner had no

liberty interest in eligibility to earn incentive gain time); *Hartley v. McNeil,* No. 5:07-cv-

233-RS-AK, 2009 U.S. Dist. LEXIS 122825 (N.D. Fla. 2009) (same); *Hartley v. McNeil*,

No. 1:07-cv-22683, 2008 U.S. Dist. LEXIS 60225, 2008 WL 3200213 (S.D. Fla. 2008)

(same); *Figueredo v. Crosby,* No. 4:03-cv-262-SPM-AK (2004) (same); *Hollingsworth v.*

*Crosby*, No. 4:02-cv-402-RH-WCS (N.D. Fla. 2004) (same); *see also Sandin v. Conner,*

515 U.S. 472 (1995) (chance that finding of misconduct will inevitably affect parole

decision is too attenuated to invoke procedural guarantees of due process).

The Court notes that even if the aforementioned hurdles of failure to exhaust and

no loss of gain time were overcome, based on the facts presented in the petition, no

---

[3]Pursuant to 11th Cir. R. 36-2, unpublished opinions are not binding precedent,
but may be cited as persuasive authority.

violation of Petitioner's due process rights occurred.  The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of time credits, a prisoner is entitled to the following three procedural protections: (1) advance written notice of the charges and at least 24 hours to prepare a defense; (2) an opportunity, consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the fact-finder of the evidence relied upon and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-66 (1974). Due process standards are satisfied if the findings of the disciplinary officer are supported by "some evidence." *Superintendent, Mass. Corr. Inst., v. Hill*, 472 U.S. 445, 447 (1985).  Petitioner's claim that being denied the opportunity to present video footage from two prison security cameras violated his due process rights is without merit, and there is no indication in his Petitioner that he was not afforded notice, the opportunity to present some evidence on his behalf, or that a written statement of the factfinder was not issued.  (Doc. 1.)

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 12th  day of April 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.